Filed 7/30/13  P. v. Gomez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B242330 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA091031) |
| v. | |
| MIGUEL GOMEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Charles D. Sheldon, Judge.  Affirmed.

Brandie Devall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Paul M. Roadarmel, Jr., Deputy Attorney General, for Plaintiff and Respondent.

_____

Miguel Gomez appeals his conviction of one count of unlawful driving or taking of a vehicle (count 1) and one count of unlawful possession of a "shaved" motor vehicle key (count 3). He claims the sentence on count 3 should have been stayed pursuant to section 654 because both offenses arose during a single indivisible transaction. We affirm the judgment.

FACTUAL AND PROCEDURAL SUMMARY

On January 6, 2012, Los Angeles Police Officers Gayosso and Makari were driving in Wilmington when they noticed a red Honda Civic fail to yield to them at a four-way stop sign. The officers "ran" the license plate and received information that the vehicle was stolen. The officers called for backup and followed the vehicle until it stopped. They ordered appellant, who was driving, to turn off the engine and throw the keys out of the window. He complied. When backup arrived, appellant and his passenger were taken into custody.

The officers recovered the items thrown out of the vehicle. One was a shaved key, which was filed down with equal notches made into the grooves all the way up and down the key on both sides. The other had at one point been a small pair of scissors; it was altered in the same fashion as the key, with notches on both sides of the blade. According to Officer Makari, who had received training in lock picking and covert entry into vehicles, it would be possible to break into a vehicle and turn it on with either of these items, which had been shaved and notched to work as an automobile key.

The vehicle belonged to Marlowe Paguio. He had reported his 1995 red Honda Civic stolen on the morning of January 4, 2012. He had locked it when he parked it on the street the night before, and had not given anyone permission to drive it.

Appellant was charged in count 1 with unlawful driving or taking of a vehicle with a prior (Pen. Code, § 666.5[1]), in count 2 with unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), and in count 3 with the misdemeanor of unlawful possession of a motor vehicle key (§ 466.7). Appellant admitted two prior convictions.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

2

The jury found him guilty on counts 1 and 3; count 2 was dismissed in furtherance of justice. The court granted appellant's motion to strike one prior juvenile adjudication, making count 1 a second strike. On count 1, the court sentenced appellant to the upper term of four years in state prison, doubled as a second strike, with an additional two year term for two prior prison terms. On count 3, the court sentenced appellant to six months in county jail, to run consecutively to the sentence on count 1. This is a timely appeal from the judgment.

## DISCUSSION

Appellant claims imposition of sentence on count 3 was erroneous because the crimes in count 1 and count 3 arose during a single, indivisible transaction. Section 654, subdivision (a) prohibits multiple punishment for the same act. The purpose of this section "is to prevent multiple punishment for a single act or omission, even though that act or omission violates more than one statute and thus constitutes more than one crime. Although the distinct crimes may be charged in separate counts and may result in multiple verdicts of guilt, the trial court may impose sentence for only one offense . . . ." (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135.) Multiple punishment is proper "if the defendant entertained multiple criminal objectives which were independent of each other." (*People v. Solis* (2001) 90 Cal.App.4th 1002, 1021.)

We find guidance in a series of cases addressing whether section 654 precludes punishment for illegal possession of a firearm by a felon, and a separate crime in which the firearm was used. "[W]here the evidence shows a possession distinctly antecedent and separate from the primary offense, punishment on both crimes has been approved. . . . On the other hand, where the evidence shows a possession only in conjunction with the primary offense, then punishment for the illegal possession of the firearm has been held to be improper where it is the lesser offense." (*People v. Venegas* (1970) 10 Cal.App.3d 814, 821.) In *People v.Venegas*, the evidence showed possession of the firearm only at the time the defendant shot the victim. "Not only was the possession physically simultaneous, but the possession was incidental to only one

3

objective," namely to shoot the victim. (*Ibid*.) Thus section 654 barred multiple punishment.

But in *People v. Ratcliff* (1990) 223 Cal.App.3d 1401, the court emphasized that the crime of ex-felon in possession is committed as soon as the felon has a firearm within his control. (*Id.* at p. 1410.) The evidence in that case was that defendant, with an accomplice, drove up to a gas station and asked the station employee if he could use the bathroom; defendant then emerged from the bathroom, drew a gun on the employee, demanded his wallet and the money collected at the station, then drove away. An hour and a half later, defendant and his accomplice drove into a different gas station, pointed a gun at the station employee, demanded his wallet, then drove away. (*Id.* at pp. 1404-1405.) "A justifiable inference from this evidence is that defendant's possession of the weapon was not merely simultaneous with the robberies, but continued before, during and after those crimes." (*Id.* at p. 1413.)

Similarly, in *People v. Jones* (2002) 103 Cal.App.4th 1139, the defendant was convicted of shooting at a inhabited dwelling and possession of a firearm by a felon. The court found section 654 did not bar imposition of sentence for both crimes: "[W]hen an ex-felon commits a crime using a firearm, and arrives at the crime scene already in possession of the firearm, it may reasonably be inferred that the firearm possession is a separate and antecedent offense, carried out with an independent, distinct intent from the primary crime." (*Id.* at p. 1141.)

The evidence in this case supports the same conclusion. The owner of the vehicle testified that he had parked and locked his car the night before it was taken. He also testified that when the car was returned to him, he found no damage to the car other than a dent on the outside. Officer Makari testified that the key and scissors appellant threw out of the car window at the time of his arrest were both shaved or filed down, with equal notches made into grooves on both sides of the blade. Neither one was consistent with a regular car key or house key. They were altered to work as keys, and were consistent with the type of item used to gain entry into and drive a vehicle. He saw no damage to the dashboard or ignition of the vehicle when he examined the car.

4

From this evidence, it may be inferred that appellant possessed and used one of the altered keys for the purpose of entering the vehicle sometime after the owner parked and locked it on January 3, 2012 and before the owner noticed it missing the following day. Appellant was found driving the vehicle without the owner's consent on January 6, 2012. A justifiable inference from this evidence is that appellant possessed an altered key at the time he entered the car, and that completed crime was not merely simultaneous with his subsequent driving or taking the vehicle. Section 654 does not prohibit imposition of sentence on counts 1 and 3.

DISPOSITION

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.


We concur:



WILLHITE, J.



SUZUKAWA, J.

5